IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**FREDERICK PENNINGTON JR.**  **PLAINTIFF**
**ADC #071305**

v.　　　　　　　　No: 2:18-cv-00046 BSM-PSH

**PATRICK DRUMOND,** *et al.*　　　　　　　**DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Frederick Pennington Jr. filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on March 12, 2018 (Doc. Nos. 1 & 2). Pennington has also filed a motion for preliminary injunction and temporary restraining order (Doc. No. 8). This recommended disposition concerns Pennington's application to proceed *in forma pauperis*, his complaint, and his motion for a preliminary injunction and temporary restraining order.

Pennington is an inmate at the East Arkansas Regional Unit in the Arkansas Department of Correction ("ADC") and a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The following cases filed by Pennington are the three most recent cases dismissed for failure to state a claim: *Pennington v. Harmon, et al.,* No. 5:01-cv-00034-BRW (E.D. Ark. 2001); *Pennington v. Pryor, et al.*, No. 4:00-cv-00748-BRW (E.D. Ark. 2000); and *Pennington v. Brownlee, et al.*, No. 5:99-cv-00184-SWW (E.D. Ark. 1999).[1]

---

[1] In 2007, United States Magistrate Judge H. David Young wrote:

> There is no question that Plaintiff is a three-striker: Since 1988, Plaintiff has filed at least forty-one separate lawsuits, thirty-seven concerning the conditions of his confinement. In that time, Plaintiff has had six prior complaints dismissed for failure to state an actionable § 1983 claim; one claim that was dismissed as frivolous; one claim dismissed for failure to prosecute, thus making that filing frivolous; another claim dismissed for failure to exhaust administrative remedies; and sixteen claims that were dismissed based on Plaintiff's prior three strikes.

*Pennington v. Corr. Med. Servs.*, No. 5:06CV00144 HDY, 2007 WL 2904005, at *1 (E.D. Ark. Oct. 3, 2007) (case citations omitted). Pennington subsequently filed ten § 1983 cases before filing this lawsuit.

2

As a three-striker, Pennington must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Pennington alleges he is in imminent danger of serious physical injury because he was diagnosed with hepatitis C and has not received a biopsy. Doc. No. 2. Pennington was instructed to file an amended complaint describing why he believes he is not receiving appropriate treatment for hepatitis C and how that puts him in imminent danger of serious physical injury. Doc. No. 5.

Pennington filed a motion to amend complaint and a supporting brief on March 15, 2018 (Doc. Nos. 6 & 7). On March 28, 2018, the Court entered an order granting Pennington's motion to amend complaint and treating the supporting brief as Pennington's amended complaint (Doc. No. 10). Pennington was instructed to notify the Court within 14 days if he did not intend his brief to be treated as his amended complaint. Pennington filed a notice on April 11, 2018, stating that he agreed that his brief should constitute his amended complaint (Doc. No. 12).

Having reviewed Pennington's amended complaint (Doc. No. 11), the Court finds that Pennington fails to allege sufficient facts to show he is in imminent danger of serious physical injury. Moreover, Pennington fails to allege sufficient facts to support a claim for relief. An action fails to state a claim upon which relief can be granted if it does not plead sufficient facts to "raise a right to relief above the speculative level" or "to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court must give a *pro se* complaint the benefit of a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court need not weigh all factual allegations in favor of the plaintiff if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional). *See also Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1988) (affirming dismissal of complaint based on unsubstantiated fears and ignorance).

Pennington believes he is in need of hepatitis C treatment. He explains that he was previously treated and cured of hepatitis C following a lawsuit he filed in 2006. Doc. No. 11 at 1-2. Pennington states that doctors and nurses have told him he has hepatitis C. *Id.* at 3. He claims he believes he is in need of treatment again because the devil made him drink water contaminated with fecal matter. *Id.* at 3-4. Pennington further states that Dr. Drummond told him he needed treatment again but he refused, and Dr. Drummond then said, "Ok. It's stable." *Id.* at 4. Pennington also alleges that he was told in response to a grievance that he did not meet the criteria for hepatitis C treatment at that time. *Id.* at 6.

Pennington also claims that he was attacked by the devil who made him drop his soap in a sink eight times after HIV positive inmates had spit into the sink. *Id.* at 4-5. Pennington alleges that the spit on the soap made his hands break out and bleed. *Id.* Pennington believes he has a staph infection and claims Dr. Drummond and Dr. Campbell will not prescribe oral antibiotics or Truvada but instead prescribed Triamcinolone 0.1%

cream, Absorbase ointment, Bicintracin [sic] ointment, and an antibiotic ointment. *Id.* at 5-8 & 14-16.

The remainder of Pennington's amended complaint concerns potential financial resources that could be used to pay his filing fee. *Id.* at 8-13.

Pennington does not describe sufficient facts to support his claims. He does not describe any symptoms (other than some gas) that lead him to believe he has an active hepatitis C infection in need of treatment. Pennington does not explain how he knows certain inmates are HIV positive, or why he believes that he would acquire a staph infection from handling soap with their spit on it. He does not claim these inmates have staph infections, and he does not allege that he has been diagnosed with a staph infection.

Furthermore, Pennington does not allege he is receiving no treatment. Instead, he disagrees with the treatment he is receiving. He states that Dr. Drummond told him it was ok not to receive a biopsy because his hepatitis C was stable, and he acknowledges that medical staff have informed him he does not currently qualify for treatment. This shows that Pennington's hepatitis C status is being monitored but that the doctors do not believe he needs treatment at this time. Pennington also acknowledges he has received various ointments and creams for his hands but he thinks he should receive oral antiobiotics and Truvada, an HIV medication. The mere disagreement with one's medical treatment is insufficient to state a constitutional claim. *See, e.g., Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (holding that an inmate's disagreement with "diagnosis and treatment decisions is not actionable under § 1983); *Rowe v. Norris*, 198 Fed. Appx. 579, 580-81 (8th Cir. 2006) (no constitutional violation occurred where plaintiff disagreed with the

treatment he received); *Bender v. Regier*, 385 F.3d 1133, 1337 (8th Cir. 2004) (holding that negligence in diagnosis or treatment of medical condition is not sufficient to establish a constitutional violation); *Prater v. Dep't of Corr.*, 11 Fed. Appx. 668, 669 (8th Cir. 2001) (holding that plaintiff failed to establish deliberate indifference where plaintiff did not allege he was "denied, delayed or refused" treatment, only that specific treatment was not provided); *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (mere disagreement with the course of medical treatment is insufficient to state Eighth Amendment claim).

Pennington has not sufficiently alleged that he is imminent danger of serious physical injury. Morever, his complaint is based on mere speculation that he has an active hepatitis C infection in need of treatment and a staph infection on his hands. Accordingly, his complaint should be dismissed without prejudice for failure to state a claim. For the same reasons, granting injunctive relief is not appropriate,[2] and Pennington's motion for a preliminary injunction should be denied.[3]

---

[2] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In that context, a request for injunctive relief must be viewed with great caution because judicial restraint is called for in dealing with the complex and intractable problems of prison administration. *See Id.* In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

[3] Pennington maintains he is entitled to injunctive relief and appointment of counsel because a hearing was set on his motion for injunctive relief and he was appointed counsel in a prior lawsuit he filed in 2008. *See Pennington v. Kelley*, No. 5:08-cv-00018-JLH (E.D. Arkansas). Whatever occurred in a case filed ten years ago is not relevant to this case. Pennington acknowledges that he received treatment after that case was filed and that his hepatitis C infection was effectively treated. *See* Doc. No. 9 at 3-4.

IT IS THEREFORE RECOMMENDED THAT:

1. Pennington's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be denied;

2. This case be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

3. Pennington's motion for preliminary injunction and temporary restraining order (Doc. No. 8) be denied.

DATED this 16th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE